Case No. 14-40171

IN THE UNITED STATES COURT OF APPEALS FOR THE FIFITH CIRCUIT

---

JARRIOD SCOTT,

Plaintiff- Appellant v.

WEBER AIRCRAFT,

Defendant- Appellee

---

On Appeal from the United States District Court for the Eastern District of Texas, Sherman Division

Civil Action 4:11-cv-00728

Hon. Richard Schell, Presiding

---

**BRIEF FOR THE APPELLANT JARRIOD SCOTT**

---

Respectfully submitted,

Jarriod Scott

Pro Se

1200 Audra Lane

Denton Texas,

940 380-8170

## II. STATEMENT REGARDING ORAL ARGUMENT

Jarriod Scott pro se does not believe oral arguments is necessary to assist the Court in resolving this issue of Appellant's appeal. If necessary Appellant can proceed.  Whether the district court engaged in weighing such evidence on summary judgment contrary to the Supreme Court's recent admonition that district courts are not to weigh the evidence and determine the truth of the matter but to determine whether there is an genuine issue for trial .Appellant is seeking a trial by a jury of his peers in this judicial matter.

lii

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are in order that the judges of this court may make an evaluation possible disqualification or recusal.

1. Jarriod Scott
   Plaintiff- appellant, Pro se
   1200 Audra Lane
   Denton TX,
   Phone 940 380-8170

2. Weber Aircraft LLC

3. Paul Hash
   Counsel for Defendant-Appellee

# TABLE OF CONTENTS

1. CERTIFICATE OF INTERESTED PERSONS.....................................ii

II. STATEMENT REGARDING ORAL ARGUMENT..............................iii

III. TABLE OF CONTENTS.........................................................iv

IV. TABLE OF AUTHORITIES...................................................Vll

V. STATEMENT OF JURISDICTION .......................................1

VI. STATEMENT OF ISSUES ON APPEAL...............................1

1. The district court erred in granting summary judgment On

   Appellant claim or race discrimination.

2. The district court erred in granting summary judgment on

   appellants deformation claim.

3. The district court erred in granting summary judgment on

   appellants Breach of contract claim.

4. The district court erred in not taking into account the third party

   (Union) in this case and denying discovery from that third party.

5. Whether the Magistrate Judge the Hon. Don Bush showed a

prejudice toward appellant in this judicial matter through a

statement made at the hearing that occurred on May 30th 2012.

VII. STATEMENT OF THE CASE…………………………………………………6

VIII. SUMMARY OF   ARGUMENT…………………………………………………9

X. STANDARD OF REVIEW………………………………………………………8

XI. ARGUMENTS AND AUTHORITITIES………………………………………7

A. THERE IS EVIDENCE ESTABLING A FACT ISSUE REGARDING AN

POSSIBLE IMPEACHMENT OF AN WITNESS (DANE COKER)  WHO

MADE STATEMENTS AT THE ARBITRARY BOARD THAT WERE FALSE

AND DETRIMENTAL TO THE APPLEANTS CASE.

B. DISTRICT COURT ERRED IN REFUSING TO ALLOW APPELLANT

DISCOVERY ACESS.

C. Whether the Magistrate judge erred in certain negative

quotations from irrelevant "movies" The magi strict judge was not

privy to the harassment that Scott endured while employed at

Weber Aircraft so any derogatory statements is unwarranted.

5

CONCLUSTION AND PRAYER................................................................5

CERTIFICATE OF SERVICE..........................................................5

CERTIFICATE OF COMPLIANCE............................................................7

# TABLE OF AUTHORITIES

**Cases**                                                          **Pages**

Anderson v, 477 U>S at 247………………………………………………………12

Anderson v. Liberty Lobby, Inc.

477 U.S. 243, 255 (1986)……………………………………………………17

Bolton v. Cain 2014…………………………………………………………17

Del Monico v. Traynor,

 50 So. 3rd…………………………………………………………………29

Foley in at Wood vs, Loy

Loyola Mary Mount University

 1991 218 Cal App 3d 661 681, 682

……………………………………………………………………………13

Galibari v. Denny………………………………………………………… ..12

Kariban v. Columbia University

930 F. Supp 134 S.D.N.Y., 1996……………………………………………20

Laxton v. Vesus Gap,

In 333 F, 3d 572 (5th cir , 2004) …………………………………………….13

Matlas 788 v. University of Dayton 152 Ohio App,

 3d 514, NE, 2d 1108 2003- Ohio 852…………………………………….16

Mc Donnell Douglas Corp v, Green,

 411……………………………………………………………………………….13

Stansted v. CB Richard Ellis, Inc.

301 893 899 (5th (circuit 2000)…………………………………………….13

Tolan v. Coton- S. Ct, 2014 WL 1757856 …………………………….23

## V.  JURISDICTIONAL STATEMENT

The District Court had federal question jurisdiction pursuant to 28

U.S.C. & 1331. The Court of Appeals has jurisdiction over this

matter pursuant to 28 & 1291, as it is an appeal from a final

judgment in the United States District Court for the eastern

District of Texas.

## VI. STATEMENT OF ISSUES ON APPEAL

1.  The district court erred in granting summary judgment on Appellant racial
    retaliation claim.

2.  The district court erred in granting summary judgment on appellants
    deformation claim.

3.  The district court erred in granting summary judgment on appellant
    Breach of contract claim.

4.  The district court erred in not taking into account the third party (The
    Union) in this case and denying discovery from that third party.

5. Whether the magistrate judge the Hon. Judge Don Bush showed a prejudice toward appellant in this judicial matter at a hearing on May 30th 2013.

# VII. STATEMENT OF THE CASE

Scott filed suit against Defendant asserting he had been retaliated against

Defendant for opposing racial incidents on the job, while employed by Weber

Aircraft violation of title VII. (ROA. 439)[1] (TR. 6 580)[2] & (TR. 2 576)[3]

  Defendant moved for summary judgment. (ROA. 423)[4]   Scott responded with an

objections on two count a denial of discovery and an inappropriate remark by

Magistrate Judge. (ROA 632) [5]

The district court granted summary judgment.  Stating that the finding of the

Magistrate judge was correct and that any objection raised had no merit. (ROA.

670-671)[6].

  Scott Appealed.  (ROA. 673)[7]

---

[1] ROA  439
[2] TR 6 580
[3] TR 2 576
[4] ROA. 432
[5] ROA 632
[6] ROA  670-671
[7]  ROA 673

11

## IX. FACTS

Jarriod Scott (Appellant) was employed by Defendant from May 2005 until April 10th 2010.  (ROA 612)[8]  Jarriod Scott an African American man. Spoke up for others whom was afraid to speak up for themselves. [9] Someone informed Scott of the derogatory "n" word in the paper and showed Appellant and copy. (Depo).

Scott informed management and a Union rep (Glen Gregory) that he was having problems in the company parking lot with other employees who happen to be caucasians. (Tr. 10 496)[10]  (ROA 588)[11] (ROA 467)[12]. Scott was allegedly harassed by fellow employee with their vehicle. (ROA 463) [13]  The injury suffered by coming into contact with a vehicle hitting Scott. (ROA. 611)(566-571[14]  the defendant and the union failed Scott to follow their own guide lines in the harassment policy. Violated its own harassment policy. (ROA 477)  (ROA 520-521)[15]The company was informed of this. The only time the defendant sent someone out was on the last day Scott was at an employee at Weber Aircraft. So after months of warning the

---

[8] ROA 612)
[9] Scott depo 499s
[10] TR 10 496
[11] ROA 581
[12] ROA 467
[13] ROA 5 412
[14] 610-611,
[15] ROA 477 ROA 527-528

defendant through the channel they prescribed.  Scott was assaulted and injured.
[16]When it came to protecting the rights of an African American male who had
opposed racial items that occurred at his time at Weber. Policy changes went into
effect against Scott after opposing racial events such as: not being able to go to
the human resource desk but rather Scott would have to go through supervisor.
(ROA 483)(ROA 526-529)[17] Employers may unilaterally change its policy but will
not be effective against employees until employee receives reasonable change
notice. This was not the case in my situation.[18]

## X. STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine issue as to any
material fact and the moving party is entitled to judgment as a matter of law."
Conoco, Inc. v. Medic System, Inc., 259 F 3.d 369, 371 (5th Cir. 2001)[19] the court
must view facts and inferences in the light most favorable to the party opposing

---

[16] Scott depo 8 355
[17] ROA 483  ROA 526-529
[18] Galidari v, Dennys's
[19] Cono,Inc v. Medic System-, Inc. 259 F 3d 369, 371 (5thCir 2001)

the motion.  Anderson v. Liberty Lobby, Inc. 477 U.S. 243, 255 (1986)[20] Credibility

determinations are not part of the summary judgment analysis. Anderson, 477

U.S. at 247-49. [21]A judge's function at summary judgment is not "to weigh the

evidence and determine the truth of the matter but to determine whether there

is a genuine issue for trial."

## XI. ARGUMENT AND AUTHORITIES

Discrimination claims can be established through either direct or circumstantial

evidence. Laxton v. Versus Gap, Inc., 333 F.3d 572 (5th Cir, 2004).[22] Title Vii

prohibits race discrimination in employment. Title VII claims are analyzed under

the burden shifting frame work set out in Mc Donnell Douglas Corp v. Green, 411

U.S. 792 (1973).[23] An explanation is false or unworthy of credence if it is not the

real reason for the adverse action.  Sandstad v. CB Richard Ellis, Inc. 309 F.3d

893,899 (5th Cir.2002)[24] A decision as to whether judgment as a matter of law is

appropriate ultimately turns on the strength of the plaintiff prima facie case, the

probative value of the proof that the employer's explanation is false, and any

---

[20] Anderson v. Liberty, Inc. 477 U.S> 243,255(1986)

[21] Anderson, 477 U>S at 247- 49

[22] Laxton v. Versus Gap, Inc.,333 F,3d 572 (5th Cir,2004)

[23] Mc Donnell Douglas Corp v. Green, 411

[24] Sandstad v. CB Richard Ellis, Inc. 309  893,899(5th Cir.2002)

14

other evidence that supports the employer's case that properly may be

considered   on the motion for judgment as a matter of law." The EEOC has

mandated that any retaliation for opposing racial harassment can be punished.

(Circumstantial Evidence of Retaliation) EE0C (ROA). 592.[25]

## DEFENDANT FAIL TO ATICULATE LEGITIMATE NON-DISCRIMINATORY

## REASON IN LIGHT OF ITS OWN POLICY

Stating with emphasis, Scott disputes that the Defendant had a legitimate

nondiscriminatory reason for Appellant termination. Scott when to report a

meeting about supposed improper behavior allegedly committed by appellant.

(ROA 484)[26] The majority of the complaint was centered on Scott staring at fellow

employees. When Scott asked several time during the course of these meeting

"what constitutes a stare Scott was no given an answer. Yet on a final warning

Scott could be terminated if he committed an act of staring, invading personal

---

[25] ROA  592
[26] ROA 484

space. Apparently, invading personal space. Encompasses. Being in a designated break area, at a designated break time.  Scott was given a warning of invading someone personal space by turning his seat sideways. The warning also includes Scott parking his truck in the parking lot and sitting in it and looking out. Yet being accused at staring at someone's old wife. Scott was also apparently staring at someone while in the restroom. Scott was accused of asking two women their names. However a supervisor was standing with Scott while he was gathering names of these individuals. Scott was accused of staring at someone while he was at his assigned spot in the paint shop. Scott was accused of calling some woman an inappropriate name. By someone he knows but hardy talks too. Scott was accused of bumping into a lady he personally filed a sexual harassment complaint with the union. (ROA.  557)[27]. Another denial of discovery by the defendant. Scott had asked for any written complaint and the defendant did not produce this document. These were the foundation for Scott being called into meeting and being treated with termination for. Yet early that same morning coming into work. Scott was nearly run down   in the parking lot by a person he had filed a complaint on for cursing him. However when Scott during the discovery phase of this case asked for all written complaints about Scott and those Scott wrote they

---

[27] ROA  557

were not supplied.   Scott asked management and the union to help him in the

parking lot. He was being harassed in the parking lot. Subsequently he was hit in

the parking lot (ROA 566)[28] and sustained injuries trauma to the lower lumbar.

(ROA 479) [29] SUPPOSED stares verses injuries. The HR manager never spoke to

Scott in that meeting about almost getting run over. The fact that an employer

has failed to adhere to its own termination agreement has failed to follow its own

practices, policy handling termination may lead to a claim that the employer

failed to adhere to its own employment agreement. The supervisor Scott

informed had informed her. [30]Scott was not called into the office for six hours.

Until the scheduled meeting about the complaints against Scott. Contrary to the

harassment policy of the company. (ROA 575) (513-514)[31]

## THE COURT ERRED IN DENYING DEFORMATION CLAIM

Don Coker a fabrication manager made a statement about having a Video

showing Scott not being hit in the parking lot.   This was brought up in the

arbitration grievance meeting and the third party meeting.  Stated by an HR

representative in a Gainesville police report about the matter. The HR

---

[28] ROA  575
[29] ROA  479
[30] Foley infig at Wood vs. Loyola Mary Mount University 1991 218 Cal App. 3d 661 681, 682
[31] ROA 4 575  ROA 521

representative stated there were no cameras in the parking lot on that side in that area. **Deformation** is a false statement that injures a person's reputation; exposes a person to public ridicule, hatred, contempt, shame. Or disgrace or affects a person adversely in his trade or business. Murray v. Knight Ridder, Inc., 7th Dist... N0 02 BE 45, 2004-821, [32]Deformation can be classified as "slander" or "libel". Matkas v. Univ of Dayton, 152 Ohio App.3d 514, 788 N.E. 2d 1108. 2003-Ohio-1852[33].   Defense consuls contends that statements made during qusi judicial hearing were absolute. In Del Monico v. Traynor, 50 So. 3rd [34]privilege applies to statements made during informal investigation if the statement made are relevant to the subject matter of the pending law suit.  It is true that due process may be violated a prosecutor knowingly uses false testimony at trail or allows untrue testimony to go uncorrected Bolton v. Cain 2014.[35] Defamation is a false statement that injures a person's reputation: exposes a person to public ridicule, hatred, contempt, shame, or disgrace: or affects a person adversely in his trade or business.[36]

---

[32] Murray  v. Knight Ridder, Inc., 7th Dist...No02 BE 45, 2004-821

[33]  Matkas 788 v. Univ of Dayton 152 OHIO App.3d 514, N.E, 2d 1108.2003- OHIO 1852

[34] Monico v. Traynor, 50 So 3rd

[35] Bolton v. Cain 2014

[36] Murray Ridder, Inc. 7th Dist. No o2 BE 45, 2004- Ohio- 821, 3, citing Matalka v. Lageman.

## THE DISTRICT COURT ERRED INGRANTING SUMMARY JUDGEMENT ON APPELLANT'S BREACH OF CONTRACT CLAIM

According to the Hon. Don Bush Scott was only a third party benefitary of the collective bargaining. The magistrate judge states further that no contract breach was noted in Scotts brief. The Magistrate judge stated that Scott was not a member of the union. Which is correct. Yet Scott was bound by rules of the collective bargaining agreement. [37]Scott was terminated by one of the rules of it.

Scott asked the court to have the company give Scott and copy of the handbook. Instead the company sent Scott a one page section article 8. The Magistrate judge ok this item. Tr. 19 17-24(ROA. 1 549).[38] According to a google search. A collective bargaining agreement is a contract. Scott was repeatedly asked what contract had been breached by the Magistrate judge. The mere fact that Appellant asked for a handbook yet got a one page document should recuse the Magistrate.  Denying Scott discovery. By the defendant not investigation appellant's claims of harassment in the parking lot. Defendant breached a

---

[37] ROA 2  350
[38] Tr. 19 17-24

unilateral right for an employee to have a safe working environment. In Kariban v. Columbia University the court stated[39] . Employers are not liable unless either of these two provision were met they are; 1. The employer provided no reasonable means of complaint or knew about the harassment and did not about it. Appellant told Defendant about the harassing behavior in the parking lot of defendant. On the last day of employment by defendant a supervisor came out. Yet how could he observe if he's walking right by Appellant. Of course the harasser are not going to act in the same manner. However Appellant has suffered mental anguish and real tangible injuries from these events and a Breach of duty of care, negligence on the part of the defendant. The right of every employee to be safe at work.

## THE DISTRICT COURT ERRED IN NOT TAKING INTO ACCOUNT THE THIRD PARTY (THE UNION) IN THIS CASE AND DENYING DISCOVERY FROM THAT PARTY.

The union was in Scott's original pleading as being in collusion with management to terminate Scott's employment. The union was a willing participant in Scott's

---

[39] Kariban v. Columbia University

termination. (ROA. 4 682[40]. It was a party involved in Scott being denied

unemployment benefits. Initially. (ROA 45 484)[41]


## THE DISTRIC COURT MAGISTRICT JUDGE EERED IN STATEMENTS MADE

## DURING HIS- REPORT AND RECOMMENDATION


An inappropriate remark was made during the report. [42]That Appellant objected

to and ask the court to look into the matter. The Magistrate judge

**statement showed** poor judgment and insensibility to an Appellant. Appellant

was harassed by fellow employees in the place of his employment and to have a

secondary form of harassment at the federal level while seeking some form of

justice is horrific. Through inappropriate statement by a judicial official.

---

[40] ROA. 4 682
[41] ROA 45 485
[42] ROA  12 671

## APPEALLANT WOULD LIKE THE COURT TO LOOK INTO POSSIBLE

## REVOKETION OF THE ARBITRARY DECISION

Appellant Scott would like the court to look into a possible over turning of the

Arbitration boards hearing. Rule 17 of the Cartage Grievance Board states that.

Both parties shall be given equal and full opportunity to present their case,

present all facts, documents, written statements, witnesses and various evidence,

without interruption by the other party, except to raise an objection to the

committee on the relevance of evidence, timeless. Authenticity of evidence and

to cross examine witnesses. At the Cartage Conference Appellant was not given

the opportunity to submit his EEOC filed complaint into the record. Which can be

substantiated by the transcript of the hearing. Also Appellant Union Rep did not

raise an objections when Appellant was denied this right. Because Appellant could

not afford the 300 dollars to pay for a transcript of the hearing the Judge did not

consider the appeal. The judge did not consider letting Appellant one or in the

matter of Justice request that Appellant receive one. (Tr. 23  15-17.  Appellant ask

the court for an official review of the transcript of the Cartage Board hearing.

22

## CONCLUSION AND PRAYER

Scott assert that the district court failed to view the evidence in the light most favorable to Scott as a non -moving in granting summary judgment on this racial retaliation claim for opposing racial incidences that has occurred during Appellant time at Weber Aircraft. Tolan v. Cotton, ___ S. Ct___, 2014 WL 1757856*4 (US. 2014).  The short duration of time between event that were cited at the meeting that occurred on Pail 11, 2010 is truly a classic example of a causal connection.[43]

---

[43] ROA 584.

## **CERTIFICATE OF SERVICE**

I certify that on this February 11 2015, that a true and correct copy of

Appellant brief was sent to Defense consul via>> first class mail

                                      Paul Hash

                                       Jackson Lewis

                                       500 Akard

                                       Suite 2500

                                       Dallas Texas 75201

Jarriod Scott

1200 Audra Lane

Denton Texas 76209

940 380-8170

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the type volume limitation of Rule 32 (a) (7) (B) by using Times New Roman 14-point for text. TNR 12-point font for footnotes; and contains 3,141 words in the brief, excluding the parts of the brief exempted by Fed. R. App. P. 32(a) (7) (B) (iii). The Brief prepared using Microsoft word 10.